UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRILL ENTERTAINMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **BCD MUSIC GROUP, INC.** | **NO.07-559-JJB-SCR** |

### RULING ON MOTION FOR ATTORNEY FEES

Counsel for plaintiff, Trill Entertainment, LLC, ("Trill") filed a motion for Attorney Fees as a result of a ruling rendered in favor of plaintiff against BCD Music Group ("BCD") (Doc. 67). The defendant BCD opposes this motion (Doc. 70).

I.   ATTORNEYS FEES

A party seeking attorney's fees has the burden of showing the reasonableness of the hours billed, which requires some evidence of "billing judgment." *Walker v. City of Mesquite, TX*, 313 F.3d 246, 251 (5th Cir. 2002). Billing judgment typically is shown by documentation of both the hours charged and the hours written off. *Id.* Billing judgment means writing off unproductive, excessive or redundant hours. *Walker v. U.S. Dept. Of Housing and Urban Development*, 99 F.3d 761,769 (5th Cir. 1996).

1

To calculate the attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended on the litigation times the reasonable hourly rate for such services. *Strong v. BellSouth Telecommunications, Inc.* 137 F.3d 844 (5th Cir. 1998). The court may then adjust the lodestar figure upward or downward depending upon the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714 (5th Cir. 1974). These are: 1) the time and labor required, 2) the novelty and difficulty of the issue, 3) the skill required to perform the legal services properly, 4) the preclusion of other employment, 5) the customary fee, 6) whether the fee is fixed, 7) time limitations imposed by the client or the circumstances, 8) the amount involved by the client or the circumstances and the results obtained, 9) the experience, reputation, and ability of the attorneys, 10) the undesirability of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases.

Defendant argues that Trill's fee request is excessive in that Mr. Maughan has applied his hourly rate to several hours of time spent by his associate Ms. Patel. Defendant argues that the fee request should be reduced (from $200 per hour to $120 per hour) in conjunction with certain billing hours for time related to discovery matters purportedly handled by the associate rather than Mr. Maughan. Defendant further argues there should be a 33% reduction in overall fees because the plaintiff failed to prevail on all of one of its

four claims.

Plaintiff's counsel has requested a total of $35,050.00 in attorney fees.  While the rate and hours submitted are generally reasonable, the court agrees with defendant that a downward adjustment should be made due to the lack of success on one of the claims. However, the court finds that there should be a reduction of 25% rather than 33%. Moreover, while it would be improper for Mr. Maughan to invoice hours at his rate for work done by an associate, arguments of counsel are not evidence.  In any event, the court notes that the 25% reduction is an approximation and that any further reduction would be relatively insignificant under the circumstances.

Accordingly, plaintiff's motion for attorney's fees (doc. 67) is hereby GRANTED in the amount of $26,287.50.

Baton Rouge, Louisiana, November 7, 2008.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA